UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lela Nadirashvili,

    Plaintiff,

v.                                                          Civil No. 11-2430 (JNE/SER)
                                                                 ORDER
Cardiovascular Systems, Inc.,

    Defendant.

    Lela Nadirashvili brought this action against Cardiovascular Systems, Inc., to obtain a declaration that she owns title to certain United States patent applications. She also asserted claims for slander of title, tortious interference with prospective business relations, and unfair competition in violation of Minn. Stat. § 325D.44 (2010). She alleged that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 (2006) "because the action is between a citizen of Minnesota and a resident of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs." Nadirashvili invoked § 1332(a)(2), which provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between "citizens of a State and citizens or subjects of a foreign state." Pursuant to its independent obligation to determine whether subject matter jurisdiction exists, *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010), the Court orders Nadirashvili to show cause, if any, why this action should not be dismissed for lack of subject matter jurisdiction. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (stating that the party that invokes diversity jurisdiction bears the burden of pleading the citizenship of all parties).

1

In the Complaint, Nadirashvili alleged that Cardiovascular Systems is a Minnesota corporation whose principal place of business is in Minnesota.  She properly alleged that Cardiovascular Systems is a citizen of Minnesota.  *See* 28 U.S.C. § 1332(c)(1).

Next, Nadirashvili alleged that she "is a citizen of the United States and of Russia, and resides in Switzerland."  Several circuits have held that the foreign citizenship of an individual who is a citizen of the United States and another country is not recognized for purposes of § 1332(a).  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) (holding that "an individual who is a dual citizen of the United States and another nation is only a citizen of the United States for the purposes of diversity jurisdiction under § 1332(a)"); *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 453-55 (7th Cir. 2009) (concluding that a dual citizen of the United States and a foreign country may not sue a United States citizen under § 1332(a)(2)); *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399-400 (3d Cir. 2008) (holding that "for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized"); *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) ("[T]here is an emerging consensus among courts that, for a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332."); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) ("Rich argues that, in any event, he was a dual national of both America and Spain in 1982 and 1983, and as such was a foreign national for purposes of diversity.  We disagree.").  Consequently, it appears that this case is not between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), because Nadirashvili's foreign citizenship is not recognized for present purposes and Cardiovascular Systems is a citizen of Minnesota.

The Court notes that 28 U.S.C. § 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between "citizens of different States."  As noted above, Nadirashvili alleged that she "resides in Switzerland."  If Nadirashvili was domiciled abroad when she brought this action, jurisdiction under § 1332(a)(1) does not exist.  *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* be domiciled within the State."); *Büchel-Ruegsegger*, 576 F.3d at 455 ("The Supreme Court has held that an American citizen who moves abroad is not a citizen of any state for purposes of § 1332(a)(1).  Because she lived in Switzerland when she filed her complaint, Vreni is not considered a citizen of any state." (citations omitted)); *cf. Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998) (residence and domicile are not synonymous for purposes of diversity jurisdiction).

In short, it appears that neither § 1332(a)(1) nor § 1332(a)(2) provides subject matter jurisdiction over this action.  Within seven days of the date of this Order, Nadirashvili shall show cause, if any, why this action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: December 5, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
